### Sarah Osmundson, Appellee, v. George A. Leach, Administrator, Appellant.

#### Gen. No. 4,898.

ADMINISTRATION OF ESTATES—*who not entitled to grant of letters.* A creditor of a deceased widow is not entitled to obtain administration upon the estate of the deceased husband of such widow.

Petition to revoke letters of administration. Appeal from the Circuit Court of Grundy County; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed March 11, 1908.

H. B. SMITH, for appellant.

C. F. HANSON, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

George A. Leach petitioned the County Court of Grundy county for letters of administration upon the estate of Thomas Foxford, deceased, who died intestate. He was appointed such administrator. Appraisers were appointed who reported that they were unable to find any personal property of said estate. They fixed the widow's award at $915. Thereafter Sarah Osmundson, one of the heirs at law of said deceased, filed a petition in said County Court to revoke said letters. This petition was heard and denied, and she appealed from that order to the Circuit Court, where

Osmundson v. Leach.

the matter was heard upon an agreed state of facts, and the letters were revoked and all the proceedings had thereunder. The administrator appeals from that order.

Section 18 of the Administration Act, as amended in 1905 and in force when this petition for letters of administration was filed, fixes the order in which administration shall be granted and the right of nomination, giving the same, first, to the surviving husband or wife; second, to the children; third, to the father; fourth, to the mother; fifth, to the brothers; sixth, to the sisters; seventh, to the grandchildren; eighth, to the next of kin; and ninth, to the public administrator or any creditor who shall apply for the same. Leach did not come within any of these designations. He was not of kin to the deceased, nor was he the public administrator, nor was he a creditor of Thomas Foxford, deceased. He stated in his petition for letters that he was a friend of deceased. Thomas Foxford died April 25, 1902, the owner of a lot in Morris, which he occupied as a homestead. He left surviving him a widow and four children, one of whom is yet a minor. The widow occupied the homestead with part of the children till her death, July 18, 1906. She did not take out letters of administration, but paid the debts herself. · After her death the adult children filed a bill for partition of the homestead, making the minor a defendant. Thereupon Leach, on February 7, 1907, filed this petition to be appointed administrator. As he was not one of the persons to whom the statute gave the right to administer, and as there were no debts, and the family did not desire administration, we are of opinion the ruling of the Circuit Court was proper. As Leach was not entitled to administer we consider it unnecessary to discuss matters stated in the stipulation and argued by counsel concerning the intention Leach had in seeking administration. He intended to have a judgment entered for the widow's award, although she had never claimed an award and was dead, and then to sell the homestead to pay that award, and with the proceeds pay $50 and $75 which it is alleged she owed at the time of her death. Leach was one of her creditors but

we are of opinion that that did not entitle him to administration upon the estate of Thomas Foxford. As Leach was not entitled to administer, we think we ought not to decide whether any other person could administer, nor whether the widow's award could be obtained by strangers after her death, for the purposes alleged.

The order is therefore affirmed.

*Affirmed.*